# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PHILLIP HENRY MOORE**                                                             **PLAINTIFF**

**V.**                                                                             **NO. 4:17CV00032-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                                   **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held October 31, 2017, the court finds the ALJ's residual functional capacity ("RFC") determination and, consequently, the finding of not disabled, is not supported by substantial evidence in the record.

First, the ALJ failed to properly consider all of the claimant's impairments. Specifically, at step two of the sequential evaluation process, the ALJ failed to consider the claimant's skin impairment as a separate impairment, despite the ALJ's having pointed out that records indicated it was "a long-term condition that might cause flare-ups for the rest of the claimant's life"; the claimant's osteoarthritis of the right foot, which was confirmed by a November 2015 X-ray; and a back impairment indicated by a August 2016 X-ray. This error

was not harmless because no functional impairments associated with these conditions were considered by the ALJ in formulating the claimant's RFC.

Second, the ALJ's errors were compounded by the Appeals Council's determination that 2016 medical records from the Greenwood Hospital–most notably Exhibits 14F and 16F–which indicated a back impairment and revealed a bilateral foot impairment, respectively, did not provide a basis for changing the ALJ's decision. These errors prejudiced the claimant, considering the medium RFC found by the ALJ–without any medical support–suggests the claimant is capable of returning to his past work as a cook, which required lifting up to fifty pounds and walking and standing up to six hours during the course of a work day.

On remand, the ALJ must consider all of the claimant's medical impairments and render a new decision. The ALJ must order a consultative examination ("CE") of the claimant; and, the CE examiner must be provided with copies of all of the claimant's medical records in the file prior to said examination. The ALJ must require that the CE examiner, after examination of the claimant and review of his medical records, provide an RFC assessment (function-by-function). The ALJ may conduct any additional proceedings that are necessary and not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED AND REMANDED for further proceedings.**

This, the 7th day of November, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE